**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

LEONARDO DE JESUS CRUZ CRUZ and
LUIS ALBERTO CRUZ CRUZ,

Petitioners,

v. CIVIL ACTION NO. 3:26-0607

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. Am. Pet. ¶¶ 2–3, 19–21, ECF No. 9. Petitioners were arrested on the morning of October 1, 2026, within the interior of the United States, in or around Hurricane, West Virginia, near exit 34 following a traffic stop. *Id.* ¶ 15. They were then transported to the ICE processing facility in Poca, West Virginia. Resp. at 5, ECF No.

7. At this facility, they signed voluntary departure agreements. Am. Pet. ¶ 16. This Petition was initially entered around 10:06 A.M. on the same day. Pet., ECF No. 1.

Respondents argue that Petitioners are subject to continued detention pending departure under 8 C.F.R. § 240.25(b), due to their voluntary departure agreements. Respondents also argue that if Petitioners revoked their voluntary departure agreements, they would be subject to discretionary detention under 8 U.S.C. § 1226(a). In either case, no evidence has been proffered that Petitioners have received an individualized custody determination. As such, the Court finds that this case does not present factual or legal issues that would support a different outcome or analysis than the Court's prior rulings. *See, e.g.*, *Uulu v. Aldridge*, No. 3:26-073, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026).

Moreover, both Judge Goodwin and Judge Berger have issued orders in similar cases, wherein Respondents' concession that the respective petitioners were detained under § 1226(a), instead of 8 U.S.C. § 1225, did not impact their analysis of the petitioners' entitlement to due process. *See Sanchez Martinez v. Mason*, No. 2:26-cv-110 (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.); *Tinajero Rodriguez v. Mason*, No. 2:26-cv-122 (S.D. W. Va. Feb. 24, 2026) (Berger, J.). The Court concurs with their analysis here.

As in prior cases, the Court also does not address nor make any ruling upon the validity or invalidity of the voluntary departure agreements signed by Petitioners. *See, e.g.*, *Rosas Magala v. Venturella*, No. 3:26-cv-0538, 2026 WL 2600984 (S.D.W. Va. Sept. 2, 2026). Even if the Court did find that these agreements were valid, Respondents acknowledge that Petitioners may "revoke" their voluntary departure agreements. Resp. at 2.

In *Tinajero Rodriguez*, Judge Berger similarly acknowledged that "the Petitioner could withdraw the voluntary departure form" and likewise found "the voluntary departure to be of little relevance to the legality of the Petitioner's detention." *Tinajero Rodriguez*, No. 2:26-cv-122 at 3 n.4. The Court also concurs with her analysis here.

Thus, the Court finds that Respondents' detention of Petitioners without an individualized custody determination is unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. The Court also finds Petitioners' release is the appropriate remedy. This Court's prior opinions are adopted and form the basis for this brief opinion. *See, e.g.*, *Uulu*, 2026 WL 401200; *Simanca Gonzalez* 2026 WL 313476. The Court's analysis of the Immigration and Nationality Act and entitlement to due process within it has not changed.

For the foregoing reasons, the Court **GRANTED** Petitioners' Amended Petition, ECF No. 9, and **DENIED** Respondents' Motion to Dismiss, ECF No. 7. *See* Order, ECF No. 15.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE